UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN ADAMS,

                                   Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER BRETT STRAUSS, BADGE # 7360, JOHN DOE ##1-5

                                  Defendants.

------------------------------------------------------------------------ X

**COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an event early in the morning of May 2, 2023 in which employees of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

4. Plaintiff John Adams is a resident of Kings County in the State of New York.

5. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant, the City, acting through the New York Police

Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, the City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York. Finally, the City is responsible for the actions of the individual defendants here named, as they were acting within the scope of their duties as NYPD employees throughout the occurrences complained of here.

6. Police Officer Brett Strauss, Shield # 7360 ("Officer Strauss"), and John Doe ##1-5 (collectively, with Officer Strauss, "the officers") were at all times here relevant, police officers or detectives of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants were personally involved in the illegal arrests of Plaintiff and are sued in their individual capacity.

7. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

8. At least 30 days prior to commencement of this action Plaintiff timely served Notice of Claim on the City of New York; in that time, defendants neglected to or refused to adjust or to satisfy the claim

## FACTUAL ALLEGATIONS

9. At about 5:00 AM on May 2, 2023, a robber stole an entire ATM machine and loaded it into his white pickup truck around Jamaica Avenue and 75th Street in Woodhaven, NY. Video of the white pickup truck in the possession of the NYPD showed a "dually" truck- a heavy duty

pickup with double wheels on each side in the back.

10. Also at about 5:00 AM on May 2, 2023, at 25 Berriman Street, Brooklyn, Plaintiff got into his white pickup truck, which had distinctive blue neon lights inside the wheels, and was not a dually. He was headed to his job on Rockaway Beach as a union crane operator. He did not have an ATM on the flatbed of his pickup truck.

11. A helicopter was already hovering in Plaintiff's vicinity as he got into his truck, and it followed him as he drove to work

12. Plaintiff pulled in to a gas station at the corner of Atlantic Avenue and Liberty Avenue to put air in his tires on the way to work, at about 5:20 AM. As he was putting air in the tires, Officer Strauss and John Doe #1 approached, yelled at him to get down, slammed him on the ground, jumped on top of him with knees in his chest, and put guns in his face. They then handcuffed him extremely tightly and threw him in the back of their police car.

13. Plaintiff was held about 20 minutes in the back seat of the car, continuously complaining the cuffs were too tight without relief.

14. It was only after a captain arrived that he almost immediately ordered Plaintiff released, as it was immediately apparent to him that they had arrested the wrong person.

15. Officer Strauss and John Doe #1 had immediately made a full blown arrest of Plaintiff, without any regard for New York's four step *Debour* analysis.

16. Defendants lacked probable cause or even reasonable suspicion to believe Plaintiff had been involved in any illegal activity.

17. Plaintiff sustained swelling to his wrists and numbness and tingling that lasted for weeks afterward.

## DAMAGES

18. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure and excessive force;

   b. Physical pain and suffering;

   c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   d. Loss of liberty.

## FIRST OF ACTION
42 USC § 1983- False Arrest, Excessive Force, and False Imprisonment

19. The above paragraphs are here incorporated by reference.

20. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

21. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

22. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time.

23. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Common Law False Arrest and Excessive Force

24. The above paragraphs are here incorporated by reference.

25. Defendants subjected plaintiff to false arrest, false imprisonment, and excessive force without probable cause.

26. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

27. Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of the other Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

28. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

**WHEREFORE**, Plaintiff demands judgments against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      March 19, 2024
                   Brooklyn, New York              Respectfully yours,

TO:    City of New York
        Corporation Counsel Office
        100 Church Street
        New York, NY  10007

        Police Officer Brett Strauss, Badge # 7360     By: Andrew B. Stoll
        NYPD 102nd Precinct                          Stoll, Glickman & Bellina, LLP
        87-34 118th Street,                               Attorneys for Plaintiff
        Richmond Hill, NY  11418-2527         300 Cadman Plz. W. 12th Floor
                                                               Brooklyn, NY  11201
                                                              (718) 852-3710
                                                              astoll@stollglickman.com